IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
(Akron Division)

| | |
|---|---|
| LINDA SCHECK, on behalf of herself and other similarly situated employees, | CIVIL ACTION NO.: 5:17-cv-2480 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| MAXIM HEALTHCARE SERVICES, INC. | |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff, LINDA SCHECK, on behalf of herself and other similarly situated employees, by and through the undersigned attorneys, hereby brings this Complaint against Defendant, MAXIM HEALTHCARE SERVICES, INC., and states as follows:

1. Plaintiff contends that Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, et seq. ("FLSA"), the Ohio Minimum Fair Wage Standards Act ("OMFWSA"), O.R.C. § 4111.01, et seq., and the Ohio Prompt Pay Act, O.R.C. § 4113.15, by knowingly suffering or permitting Plaintiff and other class members to work in excess of 40 hours during a workweek without paying overtime compensation at a rate of one-and-one-half times the regular rate.

2. Plaintiff seeks an award of unpaid wages, liquidated damages, pre-

and post-judgment interest, and attorneys' fees and costs to make Plaintiff and the class whole for damages suffered.

## JURISDICTION AND VENUE

3. This Court has federal question subject-matter jurisdiction over Plaintiff's FLSA claim as it is based on a federal statute, 29 U.S.C. §§ 201, *et seq.*

4. This Court has supplemental jurisdiction over Plaintiff's and the class's Ohio law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the United States District Court for the Northern District of Ohio because Plaintiff worked for Defendant in Akron, Ohio and the acts and events giving rise to this claim occurred in this District.

## PARTIES

### A. Plaintiff

6. Plaintiff was employed by Defendant during times material to this Complaint.

7. Plaintiff worked for Defendant as a Home Health Aid ("HHA") from approximately July 1, 2010 to approximately July 1, 2016.

8. Plaintiff regularly worked over forty (40) hours per week while employed by Defendant.

9. During relevant times, Defendant paid Plaintiff a straight hourly rate of approximately $9.50 per hour for all hours worked and failed to pay overtime wages at one-and-one-half times that hourly rate when Plaintiff worked more than forty (40) hours per week.

10. Based on information and belief, Defendants has employed over one hundred HHAs in similar positions as to Plaintiff in Ohio during the relevant time period of this action.

B. **Defendant**

11. Defendant is a large and sophisticated corporation which, through hundreds of office locations nationwide, provides in-home personal care, management and/or treatment of a variety of conditions by nurses, therapists, medical social workers, and home health aides. See http://www.maximhealthcare.com/services/.

12. Defendant holds itself out as "committed to the highest standards of ethics and integrity and has an ongoing commitment that business is conducted in accordance with applicable laws, standards, and sound ethical business practices." http://www.maximhealthcare.com/about-us/. (Last visited November 10, 2017).

## COVERAGE

13. At all material times relevant to this action, 2014 to the present, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and 203(s).

14. At all material times to this action Defendant made gross earnings of at least $500,000 annually.

15. At all material times to this action Defendant has provided home health aide services to its clients, and has accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

3

16. At all material times to this action Defendant purchases and utilizes products for its home healthcare services which are moved, received and shipped through other out-of-state vendors and/or entities.

17. At all material times to this action Defendant had two (2) or more employees engaged in commerce, handling or otherwise working on materials that have been moved in or produced for commerce (i.e., computers, office equipment, telephones, medical supplies.

## GENERAL ALLEGATIONS

18. Throughout her employment with Defendant, Plaintiff regularly worked more than forty (40) hours per week in the homes of Defendant's clients to whom she was assigned.

19. As explained below, during certain times Defendant paid Plaintiff her straight hourly rate for all hours worked and failed to pay Plaintiff overtime wages at one-and-one-half times the regular hourly rate when Plaintiff worked more than forty (40) hours per week.

20. Based on information and belief, up until mid-October 2015, Defendant's policy was to not pay its HHAs[1] overtime at a rate of 150% of the HHAs' regular hourly rate for approximately 25 years, following its decision to

---

[1] Defendant uses various job titles for what amounts to the equivalent title of an HHA, including Caregiver, Certified Home Health Aide ("CHHA"), Centrus CHHA, Certified/Registered Nursing Assistant, Companion, Companion Caregiver - Comp Svc, Daily Living, Direct Care Worker PA Spec, Direct Support Worker, In-Home Respite Wkr Companion, Nursing Assistant, Nursing Assistant Registered, Personal Care Assistant (PCA"), Personal Care Assistant Homemaker, Personal Care Provider, and Respite Worker. These job titles will be referred to as "HHAs."

4

classify its HHAs as exempt employees under the FLSA, pursuant to the Companionship Exemption.[2]

21. On September 17, 2013, the Department of Labor's Wage and Hour Division (DOL) announced a final rule eliminating the Fair Labor Standard Act's (FLSA) minimum wage and overtime companionship exemption for home care workers employed by home care agencies and other companies.

22. The new regulations, which were previously scheduled to go into effect on January 1, 2015, also significantly narrowed the exemption for home care workers employed directly by the individuals or families receiving home care services.

23. In early 2014, three associations of home care agencies challenged the Department's extension of the FLSA's minimum-wage and overtime provisions to employees of third-party agencies who provide companionship services and live-in care within a home in the United States District Court for the District of Columbia.

24. The district court in that action invalidated the Department's new regulations, concluding that they contravene the terms of the FLSA exemptions. *Home Care Ass'n of Am. v. Weil*, No. 14-cv-967 (RJL), 2014 WL 7272406 (D.D.C. Dec. 22, 2014).

25. Following an appeal of this decision, on August 21, 2015, the United

---

[2] Based on information and belief, in states where a specific state wage and hour law did not recognize the companionship exemption, Defendant did pay full overtime compensation to HHAs who worked in those states. This action is not intended to include individuals who at all times were paid full overtime compensation and upon confirmation in discovery, such states will be excluded from this putative class.

States Court of Appeals for the D.C. Circuit reversed the district court's decisions finding that the Department's decision to extend the FLSA's protections to those employees is grounded in a reasonable interpretation of the statute and is neither arbitrary nor capricious. It also remanded the case for the grant of summary judgment to the Department.

26. The challengers to the DOL rule, the Home Care Association of America, asked the United States Supreme Court to stay the appeals court ruling until the Supreme Court could review a formal appeal.

27. On October 6, 2015, the Supreme Court refused to do so, essentially ending the legal fight whether the DOL rule was valid under the FLSA.

28. Following this ruling, at some point in mid-October 2015, Defendant began paying full overtime compensation to its HHAs company-wide.

29. However, Defendant failed to go back and pay back wages for overtime hours worked for Plaintiff and its other HHAs from January 2015 until Defendant reclassified the position and began paying overtime. During this time, Plaintiff and other class members were only paid "straight time" for their overtime hours worked.

30. Following the D.C. Circuit Court of Appeals ruling, there have been multiple decisions from district courts around the country analyzing when the effective date of the DOL final rule should be. While some courts initially held the effective date was not until after the D.C. Circuit Court of Appeals' ruling, the weight of authority to date holds that the DOL's final rule regarding home health

workers is effective as of January 1, 2015. *See Dillow v. Home Care Network, Inc,* 2017 WL 749196 (S.D. Ohio Feb. 27, 2017); *Guerrero v. Moral Home Services, Inc.,* 247 F.Supp.3d 1288 (S.D. Fla. March 27, 2017); *Hypolite v. Health Care Services of New York, Inc.,* 2017 WL 2712947 (S.D.N.Y. June 23, 2017); *Richert v. LaBelle HomeHealth Care Service LLC,* 2017 WL 4349084 (S.D. Ohio September 29, 2017); and *Evans v. Caregivers, Inc.,* 2017 WL 2212977 (M.D. Tenn. May 19, 2017).

31. Therefore, Defendant has violated the FLSA and Ohio law by failing to pay Plaintiff and its other HHAs full and complete overtime compensation from January 1, 2015 up until the point Defendant began paying overtime in mid-October 2015.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff and the class members were all HHAs and similarly situated workers. *See* Footnote 1.

33. Plaintiff and the class members were subjected to the same pay provisions in that they were paid an hourly rate, but not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek even after the DOL's directive which went into effect January 1, 2015, until mid-October 2015 when Defendant began paying full and complete overtime compensation to its HHAs. Thus, the class members are owed overtime wages for the same reasons as Plaintiff.

34. Defendant's failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a

7

policy or practice of failure to assure that HHAs are/were paid for overtime hours worked based on their uniform pay policy, applicable to all putative class members herein.

36. Defendant refused to pay all HHAs complete overtime compensation during the period in question.

36. As a result, all HHAs did not receive full overtime pay for all overtime hours worked from January 1, 2015 until Defendant began paying overtime in mid-October 2015.

37. This policy or practice was applicable to Plaintiff and the class members.

38. Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applies to all class members. Accordingly, the class members are properly defined as:

> **All HHAs who worked for MAXIM HEALTHCARE SERVICES, INC., at any time from January 1, 2015 through October 31, 2015 and who were not compensated at time-and-one-half their hourly rate for all hours worked in excess of 40 hours in one or more workweeks.**

39. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the class members.

40. Defendant was aware that Plaintiff and the other HHAs were entitled

to overtime pay for all overtime hours worked during this time period.

41. Defendant did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, *et seq.*; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

42. During the relevant period, Defendant violated § 7(a)(1) and § 15(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for one or more workweeks without compensating such employees for their work at a rate of at least the time-and-one-half for all hours worked in excess of forty (40) hours in a work week.

43. Defendant has acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

## Class Action Allegations

44. Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (3) of the Federal Rules of Civil Procedure.

45. Application of Defendant's illegal pay practice described above does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit. Rather, the same policy or practice which resulted in the non-payment of overtime wages applies to all class members. Accordingly, the class members are defined as:

> **All HHAs who worked for MAXIM HEALTHCARE SERVICES, INC., at any time from January 1, 2015 through October 31, 2015 and who were not**

> compensated at time-and-one-half their hourly rate for all hours worked in excess of 40 hours in one or more workweeks.

46. Pursuant to the OMFWSA, Plaintiff brings her claim on behalf of all persons that Defendant employed at any time from three years prior to the filing of this complaint to the entry of judgment in this case (the "Class Period").

47. Plaintiff brings this claim on behalf of all class members within the meaning of the OMFWSA that were not paid one and a half times their normal hourly rate for each hour worked in excess of forty per week ("the Class").

48. The people identified in the Class are so numerous that joinder of all members is impracticable. The precise number of such persons is unknown, and the facts on which that number can be ascertained are presently within the sole control of Defendant. Upon information and belief, there are over one hundred members of the Class during the Class Period.

49. Plaintiff's claims are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

50. Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

51. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in wage and hour actions.

52. Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

53. There are questions of law and fact common to the Class, which predominate over any questions solely affecting the individual members of the Class. These questions include but are not limited to:

    a. Whether Defendant employed members of the Class within the meaning of the OMFWSA;

    b. Whether Defendant failed and/or refused to pay the members of the Class complete overtime pay for hours worked in excess of forty hours per workweek within the meaning of the OMFWSA; and

    c. Whether Defendant is liable for all damages claimed hereunder, including but not limited to, unpaid wages, costs, disbursements, and attorney's fees; and

<u>COUNT I</u>
<u>VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.*</u>
<u>FAILURE TO PAY OVERTIME WAGES</u>

54. Plaintiff re-alleges and incorporates all previous paragraphs herein.

55. At all times relevant to this action, Defendant is an "employer" under the FLSA, 29 U.S.C. § 203(d), subject to the provisions of 29 U.S.C. §§ 201, *et seq.*

56. Defendant is engaged in interstate commerce or in the production of goods for commerce, as defined by the FLSA.

57. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

58. Plaintiff either (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) employed in an enterprise engaged in commerce or in the production of goods for commerce.

59. Defendant's HHAs should not have been classified as exempt from the FLSA during the period of January 1, 2015 to mid-October 2015.

60. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(g).

61. The FLSA requires an employer to pay employees the federally mandated overtime premium rate of one and a half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek. 29 U.S.C. § 207.

62. Defendant violated the FLSA by failing to pay Plaintiff and the class members the federally mandated overtime premium for all hours worked in excess of forty (40) hours per workweek from January 1, 2015 to mid-October 2015.

63. Defendant's violations of the FLSA were knowing and willful and not in good faith.

64. By failing to compensate Plaintiff and its HHAs during the relevant time period at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. The FLSA, 29 U.S.C. 216(b), provides that as a remedy for a violation of the Act, all employees are entitled to unpaid overtime wages plus an equal amount in liquidated damages, costs, and reasonable attorneys' fees.

WHEREFORE, Plaintiff requests the following relief:

   a. Declaring that Defendant willfully violated the FLSA and its attendant regulations as set forth above;

   b. Conditionally certifying this matter under the FLSA and certifying a class of all similarly situated workers as described above;

   c. Granting judgment in favor of Plaintiff and the class members and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times each class members' regular rate multiplied by all hours that the class members worked in excess of forty (40) hours per week from January 1, 2015 until Defendant began paying overtime in mid-October 2015;

   d. Awarding liquidated damages to Plaintiff and the class members, in an amount equal to the amount of unpaid overtime wages found owing to Plaintiff and the class members;

   e. Awarding reasonable attorney fees and costs incurred by Plaintiff and the class members in prosecuting this action;

   f. Awarding pre- and post-judgment interest to Plaintiff and the class members on these damages to the extent allowed by law; and

   g. Such further relief as this court deems appropriate.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION (OMFWSA)

66. All preceding paragraphs are fully re-alleged and incorporated herein.

67. Plaintiff and those similarly situated HHAs were entitled to be paid time

and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week under Ohio law.

68. During their employment with Defendant from January 1, 2015 till mid-October 2015, Plaintiff and those similarly situated HHAs were misclassified as exempt and were not paid overtime compensation for overtime hours worked in violation of the OMFWSA.

69. As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated HHAs overtime compensation for each hour worked in excess of forty (40) per work week in one or more work weeks during the relevant time period, Plaintiff and those similarly situated HHAs have suffered damages plus incurring reasonable attorneys' fees and costs.

70. Defendant did not have a good faith basis for its decision to classify Plaintiff and other HHAs as exempt during this time period.

71. Additionally, by not paying Plaintiff and those similarly situated HHAs their overtime rate for time worked in excess of forty hours in a work week during the relevant time period, Defendant has violated the OMFWSA, thus Plaintiff and those similarly situated HHAs are entitled to damages.

72. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff requests the following relief:

 a. Declaring that Defendant willfully violated the OMFWSA and its attendant regulations as set forth above;

 b. Certifying this matter under Rule 23 of the Federal Rules of Civil Procedure and certifying a class of all similarly situated workers as

described above;

c. Granting judgment in favor of Plaintiff and the class members and against Defendant and awarding the amount of unpaid overtime wages calculated at the rate of one and one-half (1.5) times each class members' regular rate multiplied by all hours that the class members worked in excess of forty (40) hours per week from January 1, 2015 until mid-October 2015;

d. Awarding reasonable attorney fees and costs incurred by Plaintiff and the class members in prosecuting this action;

e. Awarding pre- and post-judgment interest to Plaintiff and the class members on these damages to the extent allowed by law; and

f. Such further relief as this court deems appropriate.

## COUNT III - RECOVERY OF UNPAID WAGES (OHIO PROMPT PAY ACT)

73. All preceding paragraphs are fully re-alleged and incorporated herein.

74. Plaintiff and those similarly situated HHAs were entitled to be paid the overtime wages described above within the time period required by O.R.C. 4113.15.

75. Because Defendants did not timely pay Plaintiff and those similarly situated their overtime wages, Defendants have violated the Ohio Prompt Pay Act.

76. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff requests the following relief:

a. Declaring that Defendant violated the Ohio Prompt Pay Act as set forth above;

b. Certifying this matter under Rule 23 of the Federal Rules of Civil Procedure and certifying a class of all similarly situated workers as described above;

c. Granting judgment in favor of Plaintiff and the class members and against Defendant and awarding the amount of unpaid overtime

wages calculated at the rate of one and one-half (1.5) times each class members' regular rate multiplied by all hours that the class members worked in excess of forty (40) hours per week from January 1, 2015 until mid-October 2015;

d. Awarding liquidated damages to Plaintiff and the class members, in an amount of the greater of $200 per violation or 6% of the unpaid wages;

e. Awarding pre- and post-judgment interest to Plaintiff and the class members on these damages to the extent allowed by law; and

f. Such further relief as this court deems appropriate.

Dated this 27th day of November 2017.

<u>/s/ C. RYAN MORGAN</u>
C. Ryan Morgan, Esq.
(*Pro Hac Vice Application Forthcoming*)
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:  (407) 420-1414
Facsimile:  (407) 425-8171
Email:   RMorgan@forthepeople.com
Attorneys for Plaintiffs

-and-

/s/ ANDREW KIMBLE
Andrew Biller, Esq.
OBN 0081452
Markovits, Stock & DeMarco LLC
Easton Town Center
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 583-8107
Email: abiller@msdlegal.com

Andrew Kimble, Esq.
OBN 0093172
Markovits, Stock & DeMarco LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 665-0213
Facsimile: (513) 665-0219
Email: akimble@msdlegal.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiff requests a trial by jury of 12 persons.

/s/ Andrew Kimble
Andrew Kimble